IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| FRANCES DUNBAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:11cv00132 |
| v. ) | |
| ) | |
| STELLAR MANAGEMENT ) | By: Michael F. Urbanski |
| GROUP I, INC., ) | United States District Judge |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's motion for default judgment (Dkt. # 11) and defendant's motion to set aside entry of default judgment (Dkt. # 19). Plaintiff filed her amended complaint on March 22, 2012, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 and a violation of Virginia Code § 65.2-308. Defendant failed to respond to the amended complaint within twenty-one days and, at plaintiff's request, the Clerk entered default against defendant on May 11, 2012. On July 24, 2012, the morning of a scheduled status conference in this case, plaintiff filed a motion for entry of default judgment, asking the court to enter judgment in her favor in the amount of $6,153,000 plus interest and attorney's fees. Defense counsel appeared at the status conference and asked for leave to file a motion to set aside entry of default, which the court granted.[1] Defendant filed its motion on August 3, 2012.

Defendant argues the court should set aside the entry of default in this case because its actions constitute excusable neglect, there is no prejudice to plaintiff resulting from the delay,

---

[1] Counsel subsequently filed a notice of correction (Dkt. # 12) concerning certain representations made at the status conference that defendant's registered agent had not forwarded the amended complaint to defendant. Apparently, defendant learned after further investigation into the issue that its registered agent had, in fact, forwarded the amended complaint to defendant's corporate counsel back in March when process was served, and defense counsel promptly took steps to advise plaintiff's counsel and the court of that fact.

and defendant has valid defenses to plaintiff's claims in this case. Plaintiff, for her part, contends that defendant engaged in "subterfuge" by changing its name and corporate address and by changing its registered agent the same date defendant was served with the amended complaint. Because the evidence presented does not suggest an effort by defendant to thwart or otherwise avoid service in this matter, plaintiff's motion for default judgment (Dkt. # 11) will be **DENIED** and defendant's motion to set aside entry of default judgment (Dkt. # 19) will be **GRANTED**.

Federal Rule of Civil Procedure 55(c) permits a court to aside an entry of default for good cause. In deciding whether to set aside an entry of default, the Fourth Circuit requires the court to consider: (1) whether the moving party has a meritorious defense; (2) whether it acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citing Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006)). Default judgments are disfavored, and the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Id.

As regards the first factor to be considered, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party.'" United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Exhibit D to defendant's brief is plaintiff's EEOC charge. In response to the retaliation charge, defendant asserts that it suspended plaintiff for one week in July 2008 due to poor job performance. After that week, plaintiff failed to return to work and

2

stated she was unable to do so because of a medical condition. Defendant claims it held plaintiff's job open for one year in hopes that she would return. When she did not, defendant terminated plaintiff officially in June 2009. Defendant further asserts, contrary to plaintiff's allegation, that plaintiff did not complain about its hiring practices and that defendant awarded plaintiff a merit salary increase after the date she alleges she made such complaints, suggesting there was no retaliation. In fact, the EEOC did not issue plaintiff a right to sue letter; instead, the EEOC's dismissal and notice of rights form indicates that based on its investigation, it was unable to conclude that the information obtained establishes violations of the statutes. Thus, defendant has shown evidence of a meritorious defense.

As regards the second and third factors, reasonable promptness and defendant's personal responsibility, it appears defendant's agents were on notice of the filing of the amended complaint following service of process in March of this year. However, due to a breakdown in communication between defendant and its corporate counsel, defendant claims it only learned of the litigation on July 20, 2012, four days before the scheduled status conference.[2] At that point, defendant hired local counsel who promptly noted an appearance on the docket and appeared on defendant's behalf at the status conference.

Defendant has the following system in place with respect to documents served on its registered agent: (A) All documents served on defendant's registered agent, National Registered Agents, are to be forwarded to Scott McGinness, Esquire, of the law firm Miller & Martin, PLLC in Chattanooga, Tennessee, defendant's corporate counsel; (B) Mr. McGinness then directs all such communications to Gary Totton, Vice President of Accounting and Finance at The Vincit

---

[2] Defendant does not explain how it received notice of the scheduled status conference, only that notice was sent to defendant's former headquarters and somehow ended up in the hands of William White, Director of Human Resources. Defendant admits that it was on notice of the filing of the original complaint in December 2011. That complaint, however, was never served.

3

Group, defendant's parent company; (C) Mr. Totton, in turn, is to forward any communications involving employment matters, such as the amended complaint in this case, to either William White, Director for Human Resources or to Steve Wirtz, Vice President of Human Resources for The Vincit Group. White Aff., Dkt. # 20 at Ex. A. The breakdown in communication at issue seems to have occurred somewhere between steps (B) and (C). After being served with the amended complaint in this matter on March 27, 2012, defendant's registered agent forwarded the documents to defendant's corporate counsel, Mr. McGinness. By letter dated March 29, 2012, Mr. McGinness appears to have hand delivered the documents to Gary Totton, Vice President of Accounting and Finance at defendant's parent company. See Dkt. # 12, at Ex. A. But Mr. Totton asserts under oath that he has no recollection of receiving the amended complaint. Totton Aff., Dkt. # 20, at Ex. C. Whether defendant or its corporate counsel is at fault for the breakdown remains unclear. It is clear, however, that defendant acted promptly once it learned of the pending litigation.

Plaintiff has not alleged she suffered any prejudice as a result of the delay in the proceedings. Nor could she raise such an argument; plaintiff herself is not entirely free from blame for the delay in this case. The court set the July 24th status conference because plaintiff had taken no action since the Clerk's entry of default on May 11, 2012. Plaintiff did not file her motion for default judgment until the morning of the status conference. Thus, plaintiff has not been prejudiced by any delay in the proceedings caused by defendant's failure to respond to the amended complaint.

Plaintiff asserts defendant has a history of dilatory tactics and misrepresentations. Specifically, she claims that defense counsel misrepresented to the court that defendant's registered agent was at fault for failing to notify defendant of service of the amended complaint.

4

Counsel indeed made such representations at the July status conference. However, immediately after learning that the registered agent was not at fault, defense counsel contacted plaintiff's counsel and filed a notice of correction with the court, explaining that further investigation revealed the registered agent, in fact, had delivered the amended complaint to corporate counsel after it was served.

Plaintiff also argues defendant failed to accurately inform the court of its corporate headquarters, claiming The Vincit Group is an assumed name and thus its address cannot be the true corporate headquarters. See Dkt. # 17. The business information search results provided by plaintiff as an exhibit to its brief suggest otherwise. The results show The Vincit Company, LLC (an entity name) and The Vincit Group and Vincit Enterprises (both assumed names) all share the same control number and clearly are related entities. See Dkt. # 23, at Ex. A. According to defendant, The Vincit Company, LLC is the parent company for defendant, and The Vincit Group is an assumed name for The Vincit Company, LLC. Thus, there is no reason to believe the corporate headquarters is anywhere other than at the address provided by defendant in Docket # 17.

Plaintiff's argument that defendant changed its registered agent hours after the amended complaint was served in an effort to thwart service also falls short. Plaintiff insists that defendant changed its registered agent on March 28, 2012, the same date the defendant was served. But the proof of service indicates the registered agent actually was served with process on March 27, 2012, see Dkt. # 5, and happened to relocate its office from Arlington to Glen Allen, Virginia, the following day. Plaintiff also asserts that the defendant's corporate headquarters address is identical to the address to which she mailed her amended complaint, suggesting defendant should have been on notice of the litigation. The certificate of service on

5

the amended complaint states, however, that a copy of the amended complaint was served via first class mail on "National Registered Agent, 4001 North Ninth Street, Suite 227, Arlington, VA 22203," which is the former address of defendant's registered agent, not defendant's corporate headquarters. There is no evidence that plaintiff mailed a copy of the amended complaint anywhere else.

Finally, plaintiff submits an affidavit in which she asserts that on June 25, 2008 she overheard a conversation between two managers regarding another manager who had threatened to contact her lawyer. Plaintiff asserts Area Manager Bill Hasley replied, "so what we will just change our name, [p]eople do this all the time and think they will get by with it." Dkt. # 23, at Ex. D. Even if this conversation did take place, it does not relate to the instant case and plaintiff has no evidence that such a name change ever was made. Claiming defendant "has used subterfuge many times in the past to undermine jurisdiction of a United States District Court," plaintiff points to a complaint filed against Quality Service Integrity in the Southern District of Iowa in 2004. See Dkt. # 4, at Ex. D. It is unclear what relevance, if any, this complaint has to the instant case. The evidence simply does not suggest that defendant has a history of dilatory conduct.

The sixth factor also weighs in favor of setting aside default. Sanctions such awarding plaintiff her attorney's fees and costs for bringing the motions for entry of default and default judgment would be less drastic and more appropriate than entering default judgment in plaintiff's favor in an amount of over six million dollars. The court will consider whether such sanctions are warranted in this case should plaintiff choose to file an appropriate motion.

In sum, the factors to be considered militate in favor of setting aside the entry of default and allowing defendant to file a response to the amended complaint. As such, plaintiff's motion

6

for default judgment (Dkt. # 11) will be **DENIED** and defendant's motion to set aside entry of default judgment (Dkt. # 19) will be **GRANTED**.  An appropriate Order will be entered.

Entered:  October 5, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge